**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER GOINS, JR., | : | CIVIL ACTION NO. **1:CV-14-1217** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN JEFF THOMAS, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I.   Procedural Background.**

On June 24, 2014, Petitioner Christopher Goins, Jr., an inmate currently confined at USP-Lewisburg in Lewisburg, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  (Doc. 1). The sole Respondent is the Warden at USP-Lewisburg, namely, Jeff Thomas.[1]    Petitioner also filed a Motion to proceed *in forma pauperis*.  (Doc. 5).

Petitioner challenges an Incident Report (#2495422) filed against him on September 23, 2013, when he was confined at USP-Lewisburg, for fighting , BOP Code 201.   Petitioner claims that his due process rights were violated and, that there was insufficient evidence with respect to his disciplinary hearing and his guilty finding by the Discipline Hearing Officer "(DHO") on October 3, 2013.  In particular, Petitioner states that he was not given a copy of the Incident Report 24 hours before his disciplinary hearing as required by BOP P.S. 5270.09. As a result of his disciplinary

---

[1]Since Petitioner Goins is presently confined at USP-Lewisburg, the proper Respondent is Jeff Thomas , the Warden at this prison. *See* 28 U.S.C. § 2242 and  §2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Venue of Petitioner's habeas petition is proper with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

conviction, Petitioner lost 27 days good conduct time ("GCT") as one of the sanctions. Petitioner also raises constitutional claims stating that he was unlawfully made to re-start, from the beginning, the Special Management Unit ("SMU") Program at USP-Lewisburg due to his disciplinary conviction, as opposed to being made to return to Level II of the Program. Specifically, Petitioner states that as part of his disciplinary sanctions he was "remanded to repeat the entire SMU Program over for 13 more months of confinement." Petitioner claims that this amounted to cruel and unusual punishment. (Doc. 1, pp. 2 & 8). Petitioner also claims that his constitutional rights were violated after he was made to re-start the SMU Program since he had to interact in recreation cages with inmates who had higher security classifications (Level 1 and 2) than he had (Level 3), and that prison staff failed to provide proper security. Petitioner also states that this amounted to cruel and unusual punishment. Thus, Petitioner also appears to raise a failure to protect claim against unnamed prison staff.

As relief, Petitioner essentially requests that this Court expunge Incident Report #2495422. Specifically, Petitioner requests this Court to restore his lost 27 days GCT, and to return him to Level III of the SMU Program. Petitioner also seeks "declaratory relief insofar as inmates with different security levels being segregated at all times and injunctive relief preventing staff from placing multiple high security inmates in a solitary recreational [pen]." (Doc. 1, pp. 8-9).

On July 31, 2014, we issued a Show Cause Order granting Petitioner's Motion to proceed *in forma pauperis* and directing service of Petitioner 's habeas petition on Respondent. (Doc. 6). We directed Respondent to file his response to the habeas petition within 20 days of the Order and allowed Petitioner to file a Traverse 10 days after Respondent filed his response.

On August 20, 2014, Respondent timely filed his Response to Petitioner's habeas petition with attached Exhibits and a copy of an unpublished opinion. (Docs. 7, 7-1 & 7-2). Petitioner did not file a Traverse and the time to do so has expired.

Petitioner's habeas petition is ripe for review. We have been assigned this case for issuance of an Report and Recommendation.

**II.      Factual Background.**

We now detail the relevant factual background regarding Petitioner's disciplinary conviction and sanctions. We also detail the facts with respect Petitioner's utilization of BOP's administrative remedies.  Further, we note that Respondent has stated the complete factual background regarding Petitioner's disciplinary proceedings and conviction as well as the administrative remedy Petitioner filed and, his rendition is supported by his Exhibits.  (Doc. 7, pp. 3-7 & Doc. 7-1).  Further, Petitioner has not filed a Traverse and, he did not submit evidence to contest Respondent's evidence regarding the factual background of his case.

Incident Report No. 495422  was filed against Petitioner  on September 23, 2013, when he was confined at USP-Lewisburg, for fighting with another person, BOP Code 201.  The charge was related to a  prison officer observing Plaintiff exchanging punches with two other inmates in the recreation pen. (Doc. 7-1, Romano Decl. & Att. 3).

Lt. Scott investigated the fighting incident on September 23, 2013, and indicated that Petitioner was advised of his rights, Petitioner decided to remain silent, and Petitioner's attitude was poor. Petitioner was provided a copy of Incident Report No. 2495422 on September 23, 2013. Petitioner did not request any witnesses.  Lt. Scott found a factual basis for the charge against

3

Petitioner and referred Incident Report No. 2495422 to the Unit Discipline Committee ("UDC"). (*Id.* & Att. 6).

On September 24, 2013, Petitioner had an initial hearing before the UDC, and stated that he was trying to break up the fight. The UDC referred Incident Report No. 2495422 to the DHO for further action. (*Id.*).

On September 24, 2013, Petitioner received a notice of DHO hearing. Petitioner did not request a staff representative and he did not request any witnesses. Petitioner did request the video coverage of the incident at issue. Petitioner was also advised in writing of his DHO hearing rights. (*Id.* & Atts. 4 & 5).

Petitioner had a DHO hearing at USP-Lewisburg on October 3, 2013, regarding Incident Report No. 2495422. (*Id.*, & Att. 6). The DHO noted that Petitioner was given his rights and understood them. Petitioner testified at the DHO hearing and stated that he was trying to break up the fight as opposed to being a participant. The DHO noted that he read the charging officer's report, he reviewed the video footage of the incident as Petitioner requested, and he reviewed the medical records of the inmates involved in the fight as well as photographs. The DHO also noted that Petitioner did not raise any claims of procedural errors during the hearing. (*Id.*).

The DHO found, based on all of the stated evidence, that Petitioner committed the charged offense, fighting in violation of Code 201, and sanctioned Petitioner to 27 days lost GCT, 30 days of disciplinary segregation, 90 days lost visiting and commissary privileges. Petitioner received a copy of the DHO Report on October 4, 2013. (*Id.*).

The BOP provides an administrative remedy procedure for an inmate's appeal of a DHO

decision. First, such an administrative remedy is filed with the BOP Regional Office and then with the BOP Central Office. *See* 28 C.F.R. §542.14(d)(4). If the administrative remedy is rejected, the inmate receives the remedy back with a written notice stating the reason for rejection. *See* 28 C.F.R. §542.17(a). The BOP does not keep a copy of the administrative remedy. (Doc. 7-1, Ex. A, ¶ 3).

Respondent's Exhibits indicate that Petitioner filed BOP administrative remedy No. 755144-R1 with the Regional Office on October 24, 2013, with respect to his due process challenge to his DHO disciplinary conviction on Incident Report No. 2495422. Petitioner's administrative remedy No. 755144-R1 was rejected on October 28, 2013, and Petitioner was advised that "all four pages of yellow BP 10 needs to be legible." (Doc. 7-1, p. 30). Petitioner then re-filed administrative remedy No. 755144-R2 with the Regional Office on November 8, 2013, with respect to his due process challenge to his DHO disciplinary conviction on Incident Report No. 2495422. This administrative remedy was accepted. However, Petitioner's administrative remedy appeal No. 755144-R2 was denied by the Regional Office on November 19, 2013. (Doc. 7-1, p. 31).

According to Respondent's undisputed evidence, "[t]here is no record of Petitioner appealing [his administrative remedy] to the national level [*i.e.*, the Central Office] (if there was it would be the same remedy number followed by the letter "A"). (Doc. 7-1, Ex. A, ¶'s 4 - 7).

## III.   Discussion.

As a preliminary matter, we agree with Petitioner that his instant action is, in part, a challenge to the execution of his sentence and, that it is, in part, a petition for habeas corpus pursuant to 28 U.S.C. §2241. *See Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005)*; Cody v. Vaughn,* 251 F.3d 480 (3d Cir. 2001). To the extent Petitioner is challenging his

5

disciplinary conviction based on due process grounds and based on the sufficiency of the evidence as well as the 27 days loss of GCT sanction imposed, his action is properly a §2241 habeas petition. As such, Petitioner's stated claims which affect the duration of his sentence are properly brought in a §2241 habeas petition. *See Richerson v. Strata*, 2012 WL 5509622 (M.D.Pa. Sept. 28, 2012) adopted by 2012 WL 5509982 (M.D.Pa. Nov. 14, 2012).

However, we agree with Respondent (Doc. 7, pp. 20-22) that Petitioner's instant constitutional claims detailed above are not proper habeas claims and that these claims should be dismissed without prejudice to raise in a civil rights action since they are not cognizant in a habeas proceeding.[2] As mentioned, Petitioner raises, in part, constitutional claims stating that he was unlawfully made to re-start the SMU Program at USP-Lewisburg at Level I due to his disciplinary conviction, and that should have only been made to return to Level II of the Program. Petitioner also claims that his constitutional rights were violated after he was made to re-start the SMU Program since he was placed in recreation cages (*i.e.*, pens) with inmates who had higher security classifications than his level. As Respondent correctly points out, these claims "do not have an effect upon the fact or duration of [Petitioner's] criminal sentence." (*Id.*, p. 22). Thus, we agree

---

[2]Goins must first exhaust all of his available BOP administrative remedies with respect to his constitutional claims prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*. Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

with Respondent that Petitioner's constitutional claims fail to state cognizable habeas claims. *See Dodd v. Smith*, 2005 WL 2234642 (M.D. Pa. 9-14-05)(Court found that inmate's challenge to the sanctions imposed in a disciplinary proceeding which did **not** result in the forfeiture of good time credits and did not extend the length of inmate's incarceration, was not a proper habeas claim).

The Supreme Court in *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), stated: "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

Furthermore, the Court in *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)(internal citations omitted), stated:

> Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally be to 'inquire into the legality of the detention . . .. Section 1983, in contrast, provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws**.**

As analyzed under *Leamer*, we agree with Respondent that only Petitioner's claims related to the duration of his present confinement, namely, his challenge to his disciplinary conviction and sanction of 27 days lost GCT, sound as habeas claims. Thus, Petitioner's remedy with respect to his constitutional claims is to file a civil rights action after he fully exhausts his BOP administrative

7

remedies. As such, we will recommend that all of Petitioner's constitutional claims be dismissed without prejudice.

Respondent initially contends that Petitioner Goins failed to exhaust all of his available BOP administrative remedies with respect to his cognizable habeas claims challenging his October 3, 2013 disciplinary conviction and his sanction of lost GCT.

As Respondent recognizes, §2241 does not contain a statutory exhaustion requirement. However, the Court of Appeals for the Third Circuit has required inmates to exhaust their administrative remedies prior to filing a §2241 habeas corpus petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The Court requires exhaustion for the following reasons: "(1) allowing appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Marti v. Nash*, 227 Fed.Appx. 148, 150 (3d Cir. 2007).

The Third Circuit Court has held that a prisoner will not be held to strict compliance with the exhaustion requirement, if the actions of prison officials directly caused or contributed to the prisoner's procedural default on a grievance. *Camp v. Brennan,* 219 F.3d 279 (3d Cir. 2000); *Mack v. Curran,* 457 Fed. Appx. 141, 145 (3d Cir. 2012)("We have recognized certain circumstances prevent the timely pursuit of the prison grievances process, thereby making the administrative remedies 'unavailable'."); *Brown v. Croak,* 312 F.3d 109, 112 (3d Cir. 2002).

8

As Respondent also recognizes, since Petitioner Goins was appealing a disciplinary conviction, his first appeal was a form BP-10 to be filed with the Regional Director within 20 calendar days of the date the inmate receives his copy of the DHO Report. *See* 28 C.F.R. §542.14(d)(2). If Petitioner was not satisfied with the response of the Regional Director, he could then file a form BP-11 appeal to the Office of General Counsel (which is at the Central Office level) within 30 days of the Regional Director's response. *See* 28 C.F.R. §542.15(a).

As mentioned, Respondent argues that Petitioner failed to exhaust all of his available BOP administrative remedies with respect to his habeas claims challenging his October 3, 2013 disciplinary conviction and his 27 days of lost GCT. Petitioner indicates in his habeas petition that he timely filed a BOP administrative remedy (#755144-R2) on October 3, 2013, with respect to his due process challenge to his disciplinary conviction on Incident Report No. 2495422 with the Northeast Regional Office and, that it was denied on December 6, 2013. Petitioner then seems to indicate that he filed an appeal with the BOP Central Office and that he did not receive a response to his final appeal. (Doc. 1, pp. 2-3). In fact, Petitioner states that his administrative remedy was "denied at one level, never received a reply from other levels like Regional Office or Central Office Staff." (*Id*., p. 9). Thus, Petitioner contradicts himself in his habeas petition since he first states that the Regional Office denied his administrative remedy on December 6, 2013, and then he states that he never received a reply to his administrative remedy "from other levels like Regional Office or Central Office Staff." (*Id*., pp. 2-3 & 9). Also, as indicated above, there are only two levels of administrative remedy appeals with respect to a disciplinary conviction. Further, Petitioner offered no evidence to show that he filed an appeal to the Central Office.

Based on the undisputed evidence as detailed above, we agree with Respondent that "[t]he record reflects that "Goins did not file an appeal of the BOP Regional Office's denial to the BOP Central Office, and no further attempts were made by Goins to exhaust administrative remedies with regard to the DHO hearing." (Doc. 7, p. 10). We find that the undisputed evidence shows that Petitioner Goins failed to properly exhaust all of his available BOP administrative remedies with respect to his appeal of his disciplinary conviction on Incident Report No. 2495422. Further, the undisputed evidence shows that Petitioner did in fact receive a response from the Regional Office to his re-submitted administrative remedy contrary to his contention. (Doc. 1, p. 9). The evidence also shows that Petitioner did not file a final appeal of his administrative remedy to the Central Office as he states he did. Thus, Petitioner presented no evidence to show that he was prevented from properly exhausting his administrative remedies due to not receiving responses from the BOP. In fact, as discussed, the evidence shows that Petitioner did re-file administrative remedy No. 755144-R2 with the Regional Office on November 8, 2013, with respect to his appeal of his DHO disciplinary conviction on Incident Report No. 2495422, and that this resubmitted administrative remedy was accepted. The evidence then shows that Petitioner's administrative remedy No. 755144-R2 was denied by the Regional Office on November 19, 2013. (Doc. 7-1, pp. 30-31). Further, there is no record of Petitioner appealing his administrative remedy to the BOP Central Office, his final level of appeal regarding his challenge to his DHO disciplinary conviction on Incident Report No. 2495422.

Petitioner had the opportunity to file a Traverse and submit any evidence he had to dispute Respondent's evidence and contention that he failed to exhaust all of his BOP administrative

remedies, but he did not do so.

We do not find that Petitioner tried to fully exhaust his BOP administrative remedies as he contends he did in his habeas petition, and we do not find that he failed to receive responses from the Regional Office and the Central Office as he states. (Doc. 1, p. 9). We find that Petitioner did receive a response to his administrative remedy from the Regional Office and that Petitioner did not file a final appeal with the Central Office. As such, we find that exhaustion of Petitioner's BOP administrative remedies with respect to his above detailed claims challenging his disciplinary conviction and the DHO's sanction of 27 days lost good conduct time should not be excused. *See Moscato v. Federal Bureau of Prisons,* 98 F.3d 757, 761 (3d Cir. 1996)(Petitioner was required to exhaust because it allows the appropriate agency to develop a factual record and apply its expertise facilitating judicial review); *Richerson v. Strata,* 2012 WL 5509622 (M.D.Pa. Sept. 28, 2012) adopted by 2012 WL 5509982 (M.D.Pa. Nov. 14, 2012). We concur with Respondent that Petitioner was required to exhaust his BOP administrative remedies before he filed his habeas petition and he has not completed the exhaustion requirements. *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981).

Accordingly, we will recommend that Petitioner Goin's habeas petition be dismissed with prejudice for failure to exhaust his administrative remedies. *See Richerson v. Strata*, 2012 WL 5509622 (M.D.Pa. Sept. 28, 2012) adopted by 2012 WL 5509982 (M.D.Pa. Nov. 14, 2012)(Court dismissed §2241 habeas petition with prejudice since Petitioner failed to exhaust his available BOP administrative remedies with respect to his claims challenging his disciplinary conviction and loss of GCT).

Moreover, we find that the undisputed evidence shows that Petitioner received all of the process he was due with respect to the Incident Report and his DHO hearing. Petitioner claims that he was not given a copy of the Incident Report with the disciplinary charge 24 hours before his disciplinary hearing.

The Supreme Court, in *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974), identified the minimum procedural due process rights to be afforded a prisoner accused of misconduct which may result in loss of good conduct time, which rights are applicable in the instant case. The prisoner has the following rights: (1) the right to appear before an impartial decision making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67; *McRae v. Holt*, Civil No. 08-0346, M.D. Pa.; *Redding v. Holt*, 2007 WL 2155543, *6 (M.D. Pa.).

In *Redding*, the Court stated:

> In *Wolff v. McDonnell,* 418 U.S. 539, 563-67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court described the constitutional due process requirements for prison disciplinary proceedings implicating the infringement of a cognizable liberty interest, such as the loss of good time credits. In relevant part, *Wolff* requires an inmate to receive at least twenty-four (24) hours notice of the alleged violations in writing. *Id.* at 564. The Court observed, "[T]he function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff,* 418 U.S. at 563-67. Additionally, the fact finder must state in writing the evidence relied upon and the reasons for the disciplinary action. *Id.*

In addition to the due process requirements set forth in *Wolff* with respect to cases involving loss of good conduct time, the Court in *Williams v. Hislop*, 2007 WL 4111427, *4 (M.D.Pa. 2007), outlined the Bureau of Prisons' inmate disciplinary procedures:

> The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et. seq.*, and entitled, *Inmate Discipline and Special Housing Units*. These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court. *See Von Kahl v. Brennan*, 855 F.Supp. 1413, 1418 (M.D.Pa.1994). Pursuant to these regulations, staff shall prepare an Incident Report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.14. The incident is the referred to the UDC for an initial hearing pursuant to § 541.15. The UDC hearing is "ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident" and does not include the initial day staff learns of the incident, weekends, or holidays. *See* 28 C.F.R. § 541.15(b). ... If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.15. "The DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision." 28 C.F.R. § 541.17(g).

In the present case, it is clear, based on Respondent's undisputed evidence, that Petitioner was afforded all the rights set forth in *Wolff* and in the BOP's regulations. Petitioner was issued Incident Report No.2495422 on September 23, 2013, charging him with BOP Code 201, fighting, and Petitioner received written notice of the charge against him (*i.e.*, a copy of Incident Report No.2495422) on September 23, 2013, by prison staff member N. Carper. Petitioner received notice of the DHO hearing and his rights at the DHO hearing on September 24, 2013. The DHO hearing was then held on October 3, 2013. (Doc. 7-1, Ex. A & Atts. 3, 4, 5 & 6). The evidence upon which

13

the DHO based his decision to find Petitioner guilty of fighting is thoroughly discussed above and was more than sufficient.  Thus, we agree with Respondent that "[Petitioner] Goins received all due process protections required by the Constitution and applicable case law."  (Doc. 7, p. 19).

Petitioner was advised of his appeal rights and he was timely given a copy of the DHO's Report on October 4, 2013.  As stated, Petitioner did utilize his first level of appeal by appealing the DHO decision to the Regional Office.    Petitioner's initial appeal was denied. However, Petitioner did not file a final appeal to the Central Office.

## IV.     Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner Goin's habeas petition **(Doc. 1)**, to the extent it raises cognizable habeas claims, be dismissed with prejudice for failure to exhaust his administrative remedies. It is also recommended that Petitioner's constitutional claims be dismissed without prejudice.   Further, it is recommended that the Court close this case.



  s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: September 29, 2014**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER GOINS, JR., | : | CIVIL ACTION NO. **1:CV-14-1217** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN JEFF THOMAS, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 29, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall

>witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated:  September 29, 2014**